

# The Attorney General of Texas

November 30, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
District Attorney
Condemnation Section
Sixth Floor, Records Building
Dallas, Texas   75202

Opinion No. MW-396

Re: Filing fees for federal
tax liens

Dear Mr. Wade:

You have inquired whether a county clerk may legally file federal tax lien notices without first receiving the fees therefor, that is, be allowed to bill the proper governmental authority for the fees as is now authorized in the case of state tax liens by article 1.07A-1, Taxation-General, V.T.C.S.

Article 1.07A-1 states as follows:

> Notwithstanding any other provision of law, a county clerk shall immediately file a state tax lien upon receipt of the lien from the comptroller of public accounts and thereafter send to the comptroller a statement of the fee due for the filing and recording including indexing.

In 1971, Texas adopted the Uniform Federal Tax Lien Registration Act, effective January 1, 1972. Acts 1971, 62nd Leg., ch. 551, at 1865. This act has been codified as article 1.07C, Taxation-General, V.T.C.S.

This act provides for the filing of notices of liens upon real property for taxes payable to the United States in the office of the county clerk of the county where the real property subject to a federal tax lien is situated. It directs the clerk to forthwith file such notices without any express requirement for prepayment of the filing fees listed in the act.

Section 5 of the Uniform Act specifically provides that the act shall be interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it, and states that the filing fees specified therein shall be assessed in lieu of the fees formerly provided in article 3930, V.T.C.S. Article

3930 has no provision requiring the collection of fees prior to the rendering of services by the clerk.

Attorney General Opinion WW-1340 (1962) determined that a county clerk could send certified copies of records in his office to a purchaser with a bill payable after delivery of the copies. The county clerk would be responsible to the county for the collection of his fees. See V.T.C.S. art. 3912e, §5.

On the authority of Attorney General Opinion WW-1340 and in furtherance of the purpose of promoting uniformity within Texas in administering the filing and fee requirements for federal tax liens, we conclude that county clerks have implied authority to bill the United States after they have filed and indexed federal tax lien notices. See generally Attorney General Opinion M-134 (1967) (county clerk must file state tax liens prior to presenting claim for payment to comptroller).

## S U M M A R Y

A county clerk has implied authority to file federal tax lien notices without first receiving the fees therefor and thereafter to bill the proper governmental authorities.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bob Lattimore &
Susan L. Garrison
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Bob Lattimore
Jim Moellinger